IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mainfreight USA Partnership, f/k/a Target Logistics Services, | ) ) ) | C/A No.: 0:09-563-JFA |
| Plaintiff, | ) ) ) | |
| vs. | ) ) ) | **ORDER** |
| John Marco; Richard Brulato; Brumar Logistics, Inc.; ALG Worldwide Logistics, LLC; ALG Logistics, Inc.; and Admiral Logistics Group, Inc., | ) ) ) ) ) ) | |
| Defendants. | ) ) | |

This matter comes before the court on a variety of discovery and procedural motions. The parties fully briefed the motions and the court heard oral argument on March 17, 2010. The motions before the court are as follows:

(1) ALG Logistic's, Inc.'s ("ALG") motion to compel [dkt. # 82].

(2) Mainfreight USA Partnership's ("Mainfreight") motion for extension of time to identify an expert [dkt. # 83].

(3) Mainfreight's motion to amend the complaint [dkt. # 85].

(4) Richard Brulato ("Brulato"), Brumar Logistics, Inc. ("Brumar"), and John Marco's ("Marco") motion to exclude expert witnesses identified after the expert witness deadline [dkt. # 89].

(5) Mainfreight's motion to compel directed against Brulato, Brumar, and Marco [dkt. # 121].

The court ruled on several motions at the hearing, and held another under advisement. This

order serves to memorialize the court's rulings for the reasons contained herein and stated in open court during the hearing.

I.      Factual and Procedural Background

This case concerns allegations by Mainfreight that its former employee, Marco, stole confidential and proprietary information when he left Mainfreight and is now using that information to compete with his former employer. The remaining defendants are participants in Marco's current business venture, which offers services that facilitate the transport of goods.

Mainfreight filed suit on March 3, 2009 in United States District Court, invoking this court's diversity jurisdiction, and asserting state law claim of misappropriate of trade secret, breach of duty of loyalty and fidelity, breach of contract, tortious interference with current and prospective clients, tortious interference with contractual relations, unfair trade practices, civil conspiracy, conversion, tortious interference with employee relations and misappropriate of trade secrets, and seeking injunctive relief. Mainfreight also filed a motion for preliminary injunction [dkt. # 4] contemporaneously with its complaint, which the court denied by order [dkt. # 48] on April 21, 2009. Pursuant to the court's Third and Final Scheduling Order Mainfrieght's deadline to designate expert witnesses was August 3, 2009; the discovery deadline expired on January 29, 2010; dispositive motions were due February 12, 2010; and the trial is set to be held during the May/June 2010 term of court.

II.  Discussion

  A.  ALG's Motion to Compel

ALG seeks to compel Mainfreight to answer its First Set of Interrogatories and Requests for Production. At the hearing in this matter, ALG reiterated its position that it found the responses by Mainfreight to be overly broad and effectively nonresponsive. Mainfreight indicated that it is now able to more narrowly tailor its responses such that ALG may find them more helpful. The court accordingly grants ALG's motion [dkt. # 82] and orders Mainfreight to supplement its responses pursuant to the court's instructions at the hearing and in this order.

  B.  Mainfreight's Motion for Extension of Time to Identify an Expert and Brulato Brumar, and Marco's Motion to Exclude Expert Witnesses Identified after the Expert Witness Deadline

Mainfreight moved to name certain expert witnesses on January 21, 2010, nearly six months after the plaintiff's deadline to identify experts [dkt. # 83]. Mainfreight argues that it could not have known that it needed to identify Austin Troxell and Kurt Stake until after certain defendants' testimony in November 2009. However, the record before the court indicates that these experts were known to Mainfreight on September 28, 2009, at the very latest. Moreover, Mainfreight's additional delay of two months in naming them after the expert's alleged relevance became known to Mainfreight militates against making an exception to the scheduling order.

The rationale behind requiring disclosure of experts early on in the discovery process

is to allow opposing counsel to designate rebuttal experts and thoroughly assess the witnesses significance to the case. Should the court grant Mainfreight's motion, Brulato, Brumar, Marco, and ALG will not be afforded adequate time to respond and designate rebuttal experts in light of the dispositive motions deadline and pending trial. Brulato, Brumar, Marco, and ALG will accordingly suffer prejudice to the extent that they cannot timely develop defenses and find their own experts to assess the import of Austin Troxell's and Kurt Stake's testimony. The court takes this opportunity to remind counsel that a scheduling order "is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril." Forstmann v. Culp, 114 F.R.D. 83, 85 (M.D.N.C. 1987). Mainfreight's motion to identify experts out of time is hereby denied, and Marco, Brulato, and Brumar's motion to exclude certain expert witnesses is granted. Austin Troxell and Kurt Stake may not testify at trial as experts; however the court will entertain argument that they should be allowed to testify as lay witnesses at a later date. Should Mainfreight press to offer Messrs. Troxell and Stake as lay witnesses, the court instructs Mainfreight to assess their proposed testimony in light of Rule 701 of the Federal Rules of Evidence.

    C.    Mainfreight's Motion to Amend the Complaint

Mainfreight seeks to amend its complaint to assert a negligence claim and to amend its tortious interference with contractual relations claim to assert tortious interference with prospective client relations. Pursuant to Rule 15(a), a court should freely grant leave to amend the complaint when justice so requires. Fed. R. Civ. P. 15. For reasons stated at the

hearing and herein, the court finds that Mainfreight's motion to amend the complaint should be granted to conform to the evidence and because Brulato, Brumar, Marco, and ALG have not made an adequate showing of prejudice. Accordingly, Mainfreight's motion to amend its complaint is granted; Mainfreight shall file such amended complaint by March 29, 2010. Marco, Brulato, Brumar, and ALG shall filed their answers, jointly or severally, by April 12, 2010.

D. Mainfreight's Motion to Compel Directed Against Brulato, Brumar, and Marco

Mainfreight seeks to compel Marco, Brulato, and Brumar to fully answer and respond to Plaintiff's Standard and Supplemental Interrogatories and Requests for Production and Plaintiff's First Set of Supplemental Interrogatories and Requests for Production. Mainfreight advised the court at the hearing that Brulato, Brumar, and Marco have submitted discovery that may satisfy Mainfreight's motion to compel. Accordingly, Mainfreight advised that the it would review the discovery and determine if it rendered the motion moot. The court shall hold Mainfreight's motion to compel [dkt. # 121] under advisement and revisit the matter at a later hearing should it not earlier hear from the parties that the motion has been resolved.

III. Conclusion

Based on the reasons set forth at the hearing and in this motion, the court grants ALG's motion to compel [dkt. # 82]; denies Mainfreight's motion to identify experts out of time [dkt. # 83]; grants Brulato, Brumar, and Marco's motion to exclude certain experts [dkt.

5

# 89]; and grants Mainfreight's motion to amend its complaint [dkt. # 85]. Mainfreight's motion to compel [dkt. # 121] will be held under advisement until such time as the parties inform the court that the motion has been resolved; failing that, the court will address the motion at a future hearing.

There are presently three motions for summary judgment in this case pending on the court's docket. To the extent that the parties wish to address allegations made in the amended complaint in their motions for summary judgment, the court instructs the parties to file amended motions for summary judgment by April 26, 2010. In light of these developments, the court hereby continues the trial of this case to the July/August 2010 term of court.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 17, 2010
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge