IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Mainfreight USA Partnership, | ) | C/A No.: 0:09-563-JFA |
| f/k/a Target Logistics Services, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **ORDER** |
| | ) | |
| John Marco; Richard Brulato; Brumar | ) | |
| Logistics, Inc.; ALG Worldwide | ) | |
| Logistics, LLC; ALG Logistics, Inc.; | ) | |
| and Admiral Logistics Group, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

This matter is before the court on all pending motions, including the defendants'
motions for summary judgment. The parties fully briefed the motions and the court
conducted a hearing on May 12, 2010. The motions before the court are:

(1)     Motion for summary judgment filed on behalf of John Marco [Doc. 106]

(2)     Motion for summary judgment filed on behalf of John Marco, Richard Brulato,
and Brumar Logistics, Inc. [Doc. 107]

(3)     Motion for summary judgment filed on behalf of ALG Worldwide Logistics
LLC, ALG Logistics, Inc., and Admiral Logistics Group, Inc. [Doc. 108]

(4)     Motion to compel filed on behalf of Mainfreight USA Partnership [Doc. 121]

(5)     Motion to exclude lay witnesses identified after deadline filed on behalf of
Marco, Brulato, and Brumar Logistics [Doc. 124]

(6)     Motion to determine spoliation of evidence filed on behalf of Mainfreight
[Doc. 127]

## I. Background

This case involves allegations that John Marco, a former employee of Mainfreight, stole confidential and proprietary information from Mainfreight and is now using that information to compete with Mainfreight. The remaining defendants are participants in Marco's current business venture, which offers services to facilitate the transportation of goods. Marco and Richard Brulato formed Brumar Logistics, Inc. Brumar Logistics is a franchisee of ALG Worldwide Logistics LLC. ALG Worldwide Logistics LLC is the parent company of ALG Logistics, Inc., and Admiral Logistics Group.

In connection with the allegations, Mainfreight asserts the following causes of action: (1) misappropriation of trade secrets, (2) breach of duty of loyalty and fidelity, (3) breach of contract,[1] (4) tortious interference with current and prospective clients, (5) tortious interference with prospective contractual relations, (6) unfair trade practices, (7) civil conspiracy, (8) conversion, (9) tortious interference with employee relations and misappropriation of trade secrets, (10) injunctive relief, and (11) negligence.[2] Marco has counterclaimed, alleging violation of the South Carolina Payment of Wages Act. The ALG defendants have also counterclaimed, alleging violation of the South Carolina Frivolous Civil Proceedings Sanctions Act.

The defendants filed motions for summary judgment in February of this year, but the plaintiff subsequently moved to amend the complaint to add a claim for negligence. By order

---

[1] At the hearing, the plaintiff agreed to dismiss the breach-of-contract claim against the ALG defendants.

[2] The negligence claim was added in the amended complaint filed March 18, 2010.

dated March 17, 2010, the court granted the plaintiff's request to amend the complaint and permitted the parties until April 26, 2010, to file amended motions for summary judgment. Only the ALG defendants submitted additional briefing.

## II.     Discussion

### A.     Motions for summary judgment [Docs. 106, 107, and 108]

John Marco moves for summary judgment on his counterclaim for violation of the South Carolina Payment of Wages Act on the basis that he is owed commissions for work performed during January, 2009 [Doc. 106]. Marco, Brulato, and Brumar Logistics move for summary judgment primarily on the basis that the information allegedly stolen from Mainfreight does not constitute a trade secret and has not been used to the detriment of Mainfreight [Doc. 107]. The ALG defendants make similar arguments [Doc. 108].

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). It is well-established that summary judgment should be granted "only when it is clear that there is no dispute concerning either the facts of the controversy or the inferences to be drawn from those facts." *Pulliam Inv. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987).

With this standard in mind, the court has reviewed the parties' briefs, the record, and the law, and has considered the arguments made at the hearing. Viewing the facts, evidence, and inferences in the light most favorable to the plaintiff, the court finds that there are

genuine issues of material fact under Rule 56, such that the court cannot grant the defendants

judgment as a matter of law. The plaintiff's claims may go forward to trial.

The trial is scheduled for the July/August 2010 term of court, with jury selection to

take place on July 12, 2010.

### B.      Motion to exclude lay witnesses identified after deadline [Doc. 124]

Marco, Brulato, and Brumar Logistics seek an order excluding four lay witnesses from

Mainfreight's witness list on the basis that Mainfreight did not disclose the witnesses until

the last day of discovery, leaving no time for the defendants to depose the witnesses or to

name rebuttal witnesses. The witnesses are: Roger Angel of Aplix, Inc.; Bill Bemus and

Jason Lupie of Muzak Holdings, LLC; and Dionne Roberts of Accutech. The witnesses

work for companies that are former customers of Mainfreight but that now do business with

the defendants.

A party must supplement discovery responses "in a timely manner." Fed. R. Civ. P.

26(e). Here, Mainfreight did not supplement its witness list until the final day of discovery.

Mainfreight contends, however, that the information was provided as soon as practicable.

Given Mainfreight's representation that the information was provided as soon as

practicable, and the fact that the witnesses were disclosed on the day of the discovery

deadline, the court denies the motion to exclude the named witnesses. The court finds,

however, that the defendants should be permitted to depose the witnesses before trial. The

court therefore orders the plaintiff to make the additional named witnesses available for

deposition within 21 days of the date of the hearing (June 1, 2010), in Columbia, with all

travel expenses to be borne by the plaintiff.

### C. Motion to determine spoliation of evidence [Doc. 127]

Mainfreight contends that Marco and Brulato have destroyed evidence in this case. In particular, Mainfreight contends that Marco failed to preserve his laptop computer and blackberry device to which he allegedly sent the trade secret information. Similarly, Mainfreight contends that Brulato intentionally destroyed the laptop computer that ALG provided him so that the plaintiff's expert could not inspect it.

The defendants deny these allegations and contend that no evidence related to this lawsuit has disappeared or been destroyed. The defendants contend that they have given Mainfreight and its expert witnesses access to any and all computers, cell phones, and all other information. With respect to Marco, the defendants contend that his laptop was stolen from the baseball field where his son plays ball, one week before being served with the complaint, and that in any event, the information that plaintiff seeks has been made available to the plaintiff through Marco's email account and desktop computer at Mainfreight. The defendants further contend that Marco simply upgraded his blackberry device, and had no intention of destroying evidence by doing so. With respect to Brulato, the defendants contend that the laptop malfunctioned on prior occasions, and that despite the problems that occurred when the plaintiff's expert tried to examine it, the plaintiff was able to recover information from the hard drive.

"The spoliation of evidence rule allows the drawing of an adverse inference against a party whose intentional conduct causes not just the destruction of evidence, . . . but also

against one who fails to preserve or produce evidence . . . ." *Hodge v. Wal-Mart Stores, Inc.*, 360 F.3d 446, 450 (4th Cir. 2004). "But such an inference 'cannot be drawn merely from his negligent loss or destruction of evidence; the inference requires a showing that the party knew the evidence was relevant to some issue at trial and that his willful conduct resulted in its loss or destruction.'" *Id.* (quoting *Vodusek v. Bayliner Marine Corp.,* 71 F.3d 148, 156 (4th Cir. 1995)).

Having heard the arguments of counsel, the court has decided to keep this motion under advisement until trial. Mainfreight may introduce evidence at trial related to the allegations contained in the motion, within the bounds of the Federal Rules of Evidence, and if a sufficient showing has been made, may request at the close of the case that the court give an adverse-inference instruction to the jury. The court will consider at that time whether such an instruction is appropriate.

## III.    Conclusion

For these reasons and those stated at the hearing, the court denies the defendants' motions for summary judgment [Docs. 106, 107, 108]; denies the motion to exclude lay witnesses [Doc. 124]; and holds the motion to determine spoliation of evidence [Doc. 127] under advisement pending a trial on the merits. The parties are ordered to notify the court by May 26, 2010, as to whether there are any remaining discovery disputes, including those set forth in the plaintiff's motion to compel [Doc. 121]. Additionally, by consent of the parties, the court dismisses the claims asserted against ALG Logistics, Inc., and Admiral Logistics Group, Inc., with prejudice, and dismisses the breach-of-contract claim against the

remaining ALG defendant, ALG Worldwide Logistics, LLC.

       IT IS SO ORDERED.

May 14, 2010                        Joseph F. Anderson, Jr.
Columbia, South Carolina          United States District Judge